IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

NOVEMBER 1997 SESSION



**FILED**

**January 12, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| ROGER LEE KIMMEL, | * | C.C.A. NO. 02C01-9701-CR-00006 |
| APPELLANT, | * | SHELBY COUNTY |
| VS. | * | HON. JOSEPH B. DAILY, JUDGE |
| STATE OF TENNESSEE, | * | (Writ of Habeas Corpus) |
| APPELLEE. | * | |

## CONCURRING OPINION

I agree with the majority opinion that the indictment is sufficient to support the conviction for aggravated sexual battery. I reach this conclusion, however, on a different basis. I believe that the language within the charging instrument suggests that the unlawful act was done intentionally, knowingly, or recklessly. Tenn. Code Ann. § 39-11-301(c)(1991).

In State v. Roger Dale Hill, Sr., _____S.W.2d_____, No. 01S01-9701-CC-00005, slip op. at 3 (Tenn., at Jackson, Nov. 3, 1997), our supreme court ruled as follows:

> [F]or offenses which neither expressly require nor plainly dispense with the requirement for a culpable mental state, an indictment which fails to allege such mental state will be sufficient to support prosecution and conviction for that offense so long as
>
> > (1) the language of the indictment is sufficient to meet the constitutional requirements of notice to the accused of the charge against which the accused must defend, adequate basis for entry of a proper judgment, and protection from double jeopardy;
> >
> > (2) the form of the indictment meets the requirements of Tenn. Code Ann. § 40-13-202; and

(3) the mental state can be logically inferred from the conduct alleged.

In <u>Hill</u>, of course, the supreme court reviewed the sufficiency of an indictment charging rape. Here, the indictment is for aggravated sexual battery. Nonetheless, the ruling by our supreme court should control; the <u>mens rea</u> can be "logically inferred" from the allegations within the indictment.

In <u>State v. Milton S. Jones, Jr.</u>, No. 02C01-9503-CR-00061, slip op. at 5 (Tenn. Crim. App., at Jackson, Mar. 7, 1997), <u>perm. to app. filed</u> (May 6, 1997), our court reviewed the sufficiency of an indictment identical to the one in this case:

> While there is no specific allegation of the requisite mens rea, we find that the term 'sexual contact' does necessarily imply an intentional touching of the underage victim. ... Because sexual contact is defined as intentional touching, the mens rea is necessarily implied.

The "logically inferred" test for indictments is less demanding than one requiring a necessary implication. Thus, the allegations here would pass the standard adopted in <u>Hill</u>.

_____
Gary R. Wade, Judge